IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02934-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

SCOTT A. SOLLIS, E.U. [enslaved unlawfully],

    Plaintiff,

v.

DIRECTOR NSA,
DIRECTOR FBI,
DIRECTOR HOMELAND SECURITY,
DIRECTOR DEA,
DIRECTOR FBI,
DIRECTOR COLORADO BUREAU OF INVESTIGATION
CHIEF OF POLICE, Grand Junction Police Department, and
PRESIDENT B. HUSSEIN OBAMA,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

    Plaintiff, Scott A. Sollis, currently is incarcerated at the Mesa County Detention Facility in Grand Junction, Colorado.  Mr. Sollis initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption

of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X     is incomplete (must complete all pages of the Court's current Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form revised 10/01/12 with Authorization and Certificate of Prison Official)
(2)   __    is missing affidavit
(3)   X     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   __    is missing certificate showing current balance in prison account
(5)   __    is missing required financial information
(6)   __    is missing an original signature by the prisoner
(7)   __    is not on proper form
(8)   X     names in caption do not match names in caption of complaint, petition or habeas application
(9)   __    An original and a copy have not been received by the Court. Only an original has been received.
(10)  X     other:  Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement.

**Complaint, Petition or Application**:
(11)  __    is not submitted
(12)  __    is not on proper form
(13)  __    is missing an original signature by the prisoner
(14)  __    is missing page no. __
(15)  __    uses et al. instead of listing all parties in caption
(16)  __    An original and a copy have not been received by the Court. Only an original has been received.
(17)  __    Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18)  __    names in caption do not match names in text
(19)  __    other:

The Court must construe the Prisoner Complaint liberally because Mr. Sollis is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  Merely making vague and conclusory allegations that his federal constitutional rights have been violated does

2

not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). For the reasons stated below, Mr. Sollis will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Sollis, who is suing both federal and state officials, complains that "[a]ll agencies listed have engaged in a conspiracy to violate my right of privacy, monitoring, searching, and seizing my property, data, and communications without a warrant." ECF No. 1 at 4. He asserts one claim that his privacy has been violated as follows:

> All agencies involved have engaged in a conspiracy to violate my right of privacy, conducting warantless [sic] searches, monitoring, and seizing of property, data, and communications. This has occured [sic] approximately 9,490 times at an estimated two communications per day from 2001 to present (providing a liberal concession to their activities).

ECF No. 1 at 5.

Mr. Sollis's Prisoner Complaint is vague and conclusory, because it is devoid of factual allegations supporting a violation of his constitutional rights. He fails to make clear whether he is a convicted felon or a pretrial detainee. He names federal and state officials, but his allegations are against the agencies with which the named individuals are affiliated. His claims against federal officials appear to be asserted pursuant to

3

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and his claims against state officials appear to be asserted pursuant to 42 U.S.C. § 1983.

In order to state a claim in federal court, Mr. Sollis "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

To plead a *Bivens* claim, the plaintiff must allege that the federal officers named as defendants violated his constitutional rights. *Corr. Servs. Corp. v. Maleska*, 534 U.S. 61, 66 (2001). "Critical to a *Bivens* claim is an allegation 'that the defendant federal official was personally involved in the illegal conduct.'" *Harris v. Holder*, 885 F. Supp. 2d 390, 397-398 (D.D.C. 2012) (citing *Simpkins v. District of Columbia Gov't*, 108 F.3d 355, 369 (D.C. Cir. 1997); *Voinche v. Obama*, 744 F.Supp.2d 165, 177 (D.D.C.2010).

The same holds true for asserting a 42 U.S.C. § 1983 claim. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft*, 556 U.S. at 676. Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Sollis may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sollis uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Sollis will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to

relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Accordingly, it is

ORDERED that Plaintiff, Scott A. Sollis, cure the designated deficiencies and file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case

manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED October 29, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge